Wayne Antonio SPENCE, Petitioner

v.

ATTORNEY GENERAL OF
the UNITED STATES.

No. 12–1415.

United States Court of Appeals,
Third Circuit.

Submitted Pursuant to Third Circuit
LAR 34.1(a) Aug. 7, 2012.

Opinion Filed: Aug. 8, 2012.

Wayne Antonio Spence, Newark, NJ,
pro se.

Marion E. Guyton, Esq., Eric H. Holder,
Jr., Esq., Thomas W. Hussey, Esq., United
States Department of Justice, Washington,
DC, for Respondent.

Before: CHAGARES, VANASKIE and
BARRY, Circuit Judges.

OPINION

PER CURIAM.

Wayne Antonio Spence petitions for re-
view of the Board of Immigration Appeals'
("BIA" or "Board") decision denying his
motion for reconsideration. For the fol-
lowing reasons, we will dismiss the petition
for review.

Spence, a native and citizen of Jamaica,
entered the United States in 1986 as a
lawful permanent resident. In 2007, he
was convicted in New Jersey State court of
aggravated sexual assault and sentenced to
six years of imprisonment. The Depart-
ment of Homeland Security subsequently
issued a Notice to Appear, charging
Spence with removability for having been
convicted of an aggravated felony. *See* 8
U.S.C. § 1227(a)(2)(A)(iii).

At an administrative hearing, the Immi-
gration Judge ("IJ") determined that
Spence's 2007 conviction is both an aggra-
vated felony and a particularly serious
crime, rendering him ineligible for asylum
and withholding of removal. The IJ did
allow Spence to present testimony to de-
termine his eligibility for protection under
the Convention Against Torture ("CAT").
Spence testified that he believes that if he
returns to Jamaica, he will be harmed
because he would be perceived as an out-
sider in the neighborhood in which he last
resided. Spence also claimed the area
where he last lived, Montego Bay, is rife
with violent criminal activity and that he
was robbed at gunpoint during a 1996 visit.
The IJ concluded that Spence failed to
demonstrate that he is likely to face harm
rising to the level of torture. Further, the
IJ concluded that even if Spence had made
such a showing, there is no indication that
a public official would likely acquiesce in or
exhibit willful blindness toward his torture.

On December 5, 2011, the BIA affirmed
the decision of the IJ and dismissed
Spence's administrative appeal. Spence
did not petition for review of that decision;
instead, he timely requested that the BIA
reconsider its decision. On January 20,
2012, the BIA denied the motion for recon-
sideration, concluding that rather than
specifying any errors of fact or law in its
previous decision as required by 8 C.F.R.
§ 1003.2(b), the motion "erroneously at-
tributes statements to the Board that are
not found in [the] decision." The Board
also rejected Spence's argument that the
Supreme Court's decision in *Padilla v.
Kentucky*, —— U.S. ——, 130 S.Ct. 1473,
176 L.Ed.2d 284 (2010), required the

Board to reconsider its decision. This petition for review, which was timely filed from the denial of Spence's motion for reconsideration, followed.

We must first address our jurisdiction to entertain the petition for review. The Government correctly argues we lack jurisdiction to review arguments that were not exhausted before the BIA. *Hoxha v. Holder*, 559 F.3d 157, 159 & n. 3 (3d Cir.2009). In his petition for review, Spence argues that, in affirming the IJ's decision, the Board failed to consider an "equal protection" argument related to his "length of stay in the United States, family ties, [and] work history." (Pet. Br. at 5.) However, Spence did not present this argument to the BIA in his motion for reconsideration. (A.R. at 5–8.) His failure to do so constitutes a failure to exhaust, thus depriving us of jurisdiction to consider the argument. *See Lin v. Att'y Gen.*, 543 F.3d 114, 119–21 (3d Cir.2008).[1]

Spence also attempts to challenge the Board's December 5, 2011 decision upholding the IJ's denial of his application for asylum, withholding of removal, and CAT relief. Spence's petition for review, however, is timely only as to the Board's denial of his motion for reconsideration. *See Stone v. INS*, 514 U.S. 386, 405, 115 S.Ct. 1537, 131 L.Ed.2d 465 (1995) (the finality of a removal order is not affected by the subsequent filing of a motion to reconsider). Inasmuch as neither Spence in his motion to reconsider, nor the Board in its decision denying reconsideration, addressed the denial of his application for asylum and related relief, his present challenge to the denial of that application is not reviewable. *See Camara v. Att'y Gen.*, 580 F.3d 196, 201 n. 10 (3d Cir.2009).

In sum, Spence has not raised any claims over which we have jurisdiction. Accordingly, we will dismiss the petition for review.

---

1. We note that this is not the type of constitutional claim that we have authority to review in the absence of exhaustion. *See Bonhometre v. Gonzales*, 414 F.3d 442, 447 n. 7 (3d Cir. 2005).